CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 0 4 2007

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JOHN WILSON,
    Petitioner,

Civil Action No. 7:07-cv-00162

**MEMORANDUM OPINION**

v.

UNITED STATES OF AMERICA,
    Respondent.

By: Hon. James C. Turk
Senior United States District Judge

Petitioner John Wilson, a federal inmate proceeding pro se, submitted a motion for reconsideration, pursuant to Fed. R. Civ. Pro. 60(b)(4) or (6), seeking relief from the judgment entered in his closed case, Civil Action No. 7:00-cv-00775, which he brought as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Upon review of the Rule 60(b) motion, the court concludes that it is appropriately filed and dismissed as a successive § 2255 motion.

John Wilson was convicted in August 1997 of conspiracy to distribute crack cocaine. The court sentenced him in November 1997 to 235 months imprisonment. United States Court of Appeals for the Fourth Circuit affirmed his conviction in February 1999. Wilson then filed a § 2255 motion, Civil Action No. 7:00-cv-00775, which the court dismissed by opinion and order entered May 6, 2002. The Fourth Circuit denied Wilson a certificate of appealability and dismissed his appeal, and the United States Supreme Court denied his petition for a writ of certiorari. In June 2003, Wilson filed a motion for reconsideration, pursuant to Rule 60(b). The court denied relief, and the Fourth Circuit again dismissed his appeal. Now, Wilson returns to court with another Rule 60(b) motion, arguing that in 1997, the court misapplied McMillian v. Pennsylvania, 477 U.S. 79 (1986) in sentencing Wilson based on an amount of drugs not charged in the indictment or proven to the

1

jury beyond a reasonable doubt. In making this argument, he relies on decisions issued by the United States Supreme Court since his 1993 sentencing. See, e.g. Blakely v. Washington, 542 U.S. 296 (2004), Apprendi v. New Jersey, 530 U.S. 466 (2000).

When a prisoner files a motion in a closed case, pursuant to Fed. R. Civ. Pro. 60(b), seeking relief from the court's decision denying relief under § 2255, the motion must often be filed and dismissed as a successive § 2255. If the Rule 60(b) motion raises claims allegedly omitted from the initial § 2255 motion, presents new evidence in support of a claim already denied, or argues for relief under subsequent changes in the substantive law, that motion is not properly considered as a Rule 60(b) motion and should be filed as a separate § 2255 motion instead. Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)). To allow prisoners to bring new habeas claims in a Rule 60(b) motion would circumvent the requirement under § 2255 para. 8 that any subsequent habeas claims first be certified by the court of appeals. Id. at 531-32.

Clearly, the claims Wilson raises in his current motion fall squarely within the class of claims that must be construed as new habeas claims under Gonzales. He seeks relief under case law that issued after he was sentenced and after his initial § 2255 action. To pursue such claims, he must first obtain certification from the Fourth Circuit to file a successive § 2255 motion. As he does not present any such certification with his current petition, it must be dismissed as a successive § 2255 motion, and the court will not reach the merits of his claims.[1] An appropriate order will issue this day.

The Clerk is directed to send copies of this opinion and the accompanying order to petitioner

---

[1] In any event, Apprendi and Blakely do not apply retroactively to cases on collateral review.

2

and to counsel of record for the respondent.

ENTER: This 4th day of April, 2007.

/s/ James C. Turk
Senior United States District Judge